# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO RAMOS GARCIA, <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Field Office, U.S. ICE; TODD M. LYONS, Acting Director, ICE, DHS; and KRISTI NOEM, Secretary, US DHS, <br><br> Respondents. | No. 25cv2936-BTM-MMP <br><br> **ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Jose Alberto Ramos Garcia's amended petition for a writ of habeas corpus.

### A.  Background

Petitioner, a citizen and national of El Salvador, entered the United States without inspection about January 2, 2023.  Petitioner was arrested in Florida for harvesting oysters and received a non-criminal infraction for fishing without a license.  Immigration and Customs Enforcement (ICE) agents detained Petitioner about March 9, 2025.  Petitioner was served with a notice to appear.  In removal proceedings, Petitioner filed for asylum, withholding of removal, and protection under the Convention Against Torture.

On August 26, 2025, an immigration judge (IJ) granted Petitioner bond. On appeal, however, the Board of Immigration Appeals ruled that the IJ lacked jurisdiction to grant Petitioner bond.

Petitioner claims that Respondents are misclassifying him as an "applicant for admission," which would make him ineligible for a bond hearing. Because he was a resident of the United States and was arrested in the interior of the United States, not near the border or a port of entry, he argues that his case is governed by 8 U.S.C. § 1226(a), which allows for a bond determination. The Government contends that this Court lacks jurisdiction and that Petitioner is an applicant for admission. Although Petitioner alleged that the Government was attempting to remove him in an expedited proceeding, the Government has clarified that Petitioner is receiving full removal proceedings under 8 U.S.C. § 1229a.

**B.  Discussion**

This Court has jurisdiction to review Petitioner's challenge. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

Instead, Petitioner has raised a legal challenge to Respondents' decision to automatically deny bail for noncitizens living in the United States. Because that issue is ripe for review, Petitioner is not required to further exhaust any potential administrative remedies. *See, e.g.*, *Esquivel-Ipina v. LaRose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, *9 (S.D. Cal. Oct. 24, 2025) (finding exhaustion futile on this issue). The Government has also waived the issue of exhaustion by failing to raise it and failing to identify how Petitioner could further exhaust administrative remedies. In any event,

exhaustion would be futile because of the Board of Immigration Appeal's (BIA) recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

In *Hurtado*, the BIA held that immigration judges lack authority to hold bond hearings for noncitizens present in the United States who have not been admitted after inspection. The BIA in *Hurtado* determined that noncitizens present in the United States without admission are "applica[nts] for admission," and thus may not be released on bond. District courts have rejected *Hurtado* and have ruled that applicants for admission are people actively entering the United States or applying for a status. *Esquivel-Ipina*, 2025 U.S. Dist. LEXIS 210275, *11-12 (collecting cases). Those courts have recognized that a noncitizen is not an applicant for admission merely by living in the United States without lawful status. *Id.*

This Court too must reject *Hurtado* as inconsistent with Sections 1225 and 1226. 8 U.S.C. § 1225 deals extensively with arriving noncitizens who are actively seeking admission. Section 1225 refers to actual applications for admissions. *See Torres v. Barr*, 976 F.3d 918, 926 (9th Cir. 2020) (en banc) ("Given that an immigrant submits an application for admission at a distinct point in time, stretching the phrase at the time of application for admission to refer to a period of years would push the statutory text beyond its breaking point." (quotation marks omitted)). Contrary to *Hurtado*, every noncitizen living in the United States without lawful status is not necessarily an applicant for admission. *See id.*; *accord United States v. Gambino-Ruiz*, 91 F.4th 981, 989 (9th Cir. 2024) (explaining that the court already "rejected the view that an alien remains in a perpetual state of applying for admission"). The Court also incorporates and adopts the analyses from *Esquivel-Ipina*, 2025 U.S. Dist. LEXIS 210275; *Lopez v. Larose*, No. 25-cv-2717-JES-AHG, 2025 U.S. Dist. LEXIS 214488 (S.D. Cal. Oct. 30, 2025); *Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 U.S. Dist. LEXIS 171714 (S.D. Cal. Sep. 3, 2025); and *Vazquez v. Feeley*, No. 25-cv-01542-RFB-EJY, 2025 U.S. Dist. LEXIS 182412 (D. Nev. Sep. 17, 2025).

The facts alleged are undisputed. Petitioner is a resident of the United States. He was apprehended in the interior of the United States, not near the border or a port of entry. He is not an applicant for admission. He may not be denied a bond hearing based on Respondents' contention that his case falls within Section 1225.

### C. Conclusion

For the reasons stated, the amended petition for a writ of habeas corpus is granted on count four. Respondents must reinstate the IJ's decision granting Petitioner bond or must provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days of the entry of this order. Respondents shall not deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. Respondents are precluded from placing Petitioner in expedited removal proceedings. The amended petition is otherwise denied. Respondents must file a status report no later than December 8, 2025.

**IT IS SO ORDERED.**

Dated: November 20, 2025

_____
Honorable Barry Ted Moskowitz
United States District Judge